**UNION MUTUAL FIRE INSURANCE COMPANY, Plaintiff,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, et al., Defendants.**

**Civ. No. 85–0304–B.**

United States District Court,
D. Maine.

April 8, 1987.

Gerald F. Petruccelli, Martin J. Robles, Petruccelli, Cohen, Erler and Cox, Portland, Me., for plaintiff.

Constance P. O'Neil, Fitzgerald, Donovan & Conley, Bath, Me., for Robert Carl Sanford.

James D. Poliquin, Norman & Hanson, Portland, Me., for Commercial Union Ins. Co.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

CYR, Chief Judge.

*Factual Background*

The factual background and procedural history in this case may be summarized as follows: On January 2, 1985, Clifford Winter and Robert Sanford, both Maine residents, traveled in Sanford's station wagon on a hunting trip to Maryland. The following morning, the two men met their guides at the designated hunting area, loaded their shotguns upon sighting geese, but fired no shots. They were then called back to their car by the guides to depart for a second hunting area. Winter unloaded his gun before seating himself in the right front passenger seat. Sanford, however, placed his loaded shotgun in the back seat of the vehicle, with the gun pointing toward the rear door on the passenger side. The safety mechanism of the shotgun was in an off position. Upon reaching the second hunting area, Winter got out of the vehicle on the passenger side and walked toward the rear of the vehicle. Sanford got out on the driver's side, opened the left rear door, and reached for his shotgun. The gun accidentally discharged upon be-

ing grasped by Sanford, resulting in injuries to Winter.

At all relevant times, Sanford was insured under two insurance policies. One policy was issued by defendant Commercial Union Insurance Company (Commercial Union). The Commercial Union automobile policy stated that the insurer would "pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." The term "covered person" is defined as the named insured or any family member "for the ownership, maintenance or use of any auto or trailer."

The second policy was issued to Sanford by the plaintiff, Union Mutual Fire Insurance Company (Union Mutual). The Union Mutual homeowner's policy covered claims against the insured for "damages because of bodily injury," but excluded coverage for claims "arising out of the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned or operated by ... any insured." The liability coverage limit of each policy is $100,000. Both policies obligate the insurer to defend the insured against covered claims.

Winter subsequently filed a complaint against Sanford in Maine Superior Court, seeking damages for personal injuries resulting from Sanford's alleged negligence. Sanford notified the two insurers of the pending state court action, demanding that they defend and indemnify him. Although Commercial Union refused to defend or indemnify Sanford, Union Mutual undertook his defense, reserving all rights under its policy and informing Sanford and Commercial Union of its position. Acting on behalf of Sanford, Union Mutual settled with Winter in an amount stipulated by the insurers to be reasonable.

Union Mutual filed a complaint against Commercial Union and Sanford in the United States District Court for the District of Maine, seeking a judicial declaration (1) that Union Mutual has no obligation to defend or indemnify Sanford with respect to the Winter claim; (2) that Commercial Union is obligated to defend Sanford in the Winter action; and (3) that Union Mutual is

entitled to be indemnified by Commercial Union for all costs and expenses incurred in the defense of the Winter claim. After both insurers moved for summary judgment, it was agreed that there were no genuine issues of material fact.

The following issues of law were certified by this court to the Maine Supreme Judicial Court:

(a) Does the clause in the Commercial Union Insurance Company policy, providing coverage for accidents arising from "the ownership, maintenance or use of any auto," include coverage for personal injuries resulting from the accidental discharge of a firearm while being removed for hunting purposes from an insured vehicle?

(b) Does the clause in the Union Mutual Fire Insurance Company policy, excluding coverage for accidents arising from the "use, loading or unloading" of a vehicle, exclude coverage for personal injuries resulting from the accidental discharge of a firearm while being removed for hunting purposes from an insured vehicle?

The Supreme Judicial Court resolved both questions in the affirmative. *See Union Mutual Fire Insurance Co. v. Commercial Union Insurance Co., et al.,* 521 A.2d 308 (Me.1987). The Law Court mandate was received by the court on February 26, 1987.

There being no genuine issue of material fact and Union Mutual being entitled to judgment as a matter of law, based on the responses of the Law Court to the certified questions, it is hereby *ORDERED* that plaintiff Union Mutual's motion for summary judgment is *GRANTED* and that defendant Commercial Union's motion for summary judgment is *DENIED*.

The clerk is directed to enter judgment for plaintiff, declaring (1) that plaintiff Union Mutual has no obligation to defend or indemnify defendant Sanford in the Winter action; (2) that defendant Commercial Union is obligated to defend Sanford in the Winter action; and (3) that plaintiff Union Mutual is entitled to be indemnified by defendant Commercial Union for all costs

 

and expenses incurred in the defense of the Winter claim.

*SO ORDERED.*